## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRISTANA RENEE CUMLEY,   )
                                    )
                Plaintiff,   )
                                    )
             v.                 )         Case No. 23-2307-EFM-KGG
                                    )
KANSAS DEPARTMENT OF     )
CHILDREN AND FAMILIES, *et al.*, )
                                    )
               Defendant.  )
_____)

## MEMORANDUM & ORDER ON MOTIONS and
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with her federal court Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees ("*In forma Pauperis* ('IFP') application") with a supporting financial affidavit (Docs. 3 and 3-1, sealed) and a Motion for Appointment of Counsel (Doc. 4). For the reasons set forth herein, Plaintiff's IFP application (Doc. 3) is **GRANTED** while her request for counsel (Doc. 4) is **DENIED**. The undersigned Magistrate Judge also **recommends** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failing to state a viable federal cause of action.

**I.     Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  ***Barnett ex rel. v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. ***Scherer v. Kansas***, 263 F. App'x 667, 669 (10th Cir. 2008).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See*  ***Yellen v. Cooper***, 828 F.2d 1471, 1475 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff, who is 53 years old and divorced.  She indicates she provides financial support for grandchildren, one of whom is 7 months old and the other is 31 years old.  (Doc. 3-1, sealed, at 1-2.)

Plaintiff indicates the grandchildren are developmentally disabled. (*Id.*) For purposes of this motion, the Court is not reaching a conclusion as to whether Plaintiff has a legal responsibility to provide this financial support.

Plaintiff lists no current employment but lists "previous employment" as a clinical laboratory medical scientist. (*Id.*, at 3.) Plaintiff indicates, however, that this employment was "repealed due to current need for court cases." (*Id.*) The Court cannot determine whether Plaintiff ever engaged in this employment or if it was a job offer that was "repealed," although she lists the income as "T/B/D." (*Id.*) Plaintiff receives a modest amount of monthly government benefits. (*Id.*, at 5.) She indicates he does not own real property but has a modest automobile. (*Id.*, at 3-4.) She lists a small amount of cash on hand. (*Id.*, at 4.) Plaintiff lists typical monthly expenses including groceries, gas, and insurance. (*Id.*) She enumerates certain debts or miscellaneous monthly expenses. (*Id.*, at 5-6.) Plaintiff has previously filed for bankruptcy. (*Id.*, at 6.)

Given Plaintiff's income and the financial information provided herein, the Court finds that Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3.)

## II.    Motion to Appoint Counsel.

The Court next addresses Plaintiff's request for the appointment of counsel.

(Doc. 4.)  There is no constitutional right to have counsel appointed in civil cases such as this one.  ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003); ***Durre v. Dempsey***, 869 F.2d 543, 547 (10th Cir. 1989).  In civil cases, the decision to appoint counsel lies within the discretion of the district court.  ***Williams v. Meese***, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  ***Steffey v. Orman***, 461 F.3d 1218, 1223 (10th Cir. 2006) (citation omitted).  It is insufficient justification for Plaintiff to merely show "that having counsel appointed would have assisted [him] in presenting his strongest possible case, [as] the same could be said in any case."  *Id.* at 1223 (quoting ***Rucks v. Boergermann***, 57 F.3d 978, 979 (10th Cir. 1995)).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without

the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

In consideration of the first factor, Plaintiff has established her inability to afford counsel. *See supra*. This factor weighs in favor of appointing counsel. That stated, the Court also finds that this factor alone is not determinative of whether counsel should be appointed. The second factor is Plaintiff's diligence in searching for counsel. Plaintiff has contacted the requisite number of attorneys, but was unsuccessful in retaining an attorney. (Doc. 4, at 2-3.) The Court finds that, for purposes of this motion, Plaintiff made a reasonably diligent effort to secure legal representation.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. The exact nature of Plaintiff's claims are impossible to ascertain. She raises factual allegations regarding child in need of care proceedings that were transferred to Sedgwick County District Court for disposition. (*See* Doc. 1, at 4-6.) She appears to allege that she was subjected to various types of abusive behavior at the hand of Defendants during these child in need of care proceedings. (*Id*.) For purposes of this motion, the Court has concerns with the facial viability of Plaintiff's claims, as discussed in the final section of this Order, *infra*.

The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id*., at 1422. The Court notes that the factual and legal issues in this case, to they extent they are discernable, are not unusually complex. *Cf. Kayhill v. Unified Gov't. of Wyandotte Cnty./Kansas City, Kansas*, 197 F.R.D. 454, 458 (D. Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. As stated above, although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 4) is **DENIED**.

## III.    Sufficiency of Claims.

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

or (iii) seeks monetary relief against a defendant who is immune from such relief."

"When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also* ***Haines v. Kerner***, 404 U.S.

519, 92 S. Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." ***Fisher v. Lynch***, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007), and ***Hall***, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element but must plead minimal factual allegations on those material elements that must be proved)).  "In other words, plaintiff must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face." ***Fisher***, 531 F. Supp. 2d at 1260 (citing ***Twombly***, 127 S. Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay***, 500 F.3d at 1218 (citing ***Twombly***, 127 S. Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal

claim could be based." *Hall*, 935 F.2d at 1110.  "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff."  *Olson v. Carmack*, 641 F.App'x. 822, 825 (10th Cir. 2016).  "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury . . . ."  *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer.  *Monroe v. Owens*, 38 F.App'x 510, 515 (10th Cir. 2002).  Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested.  Fed. R. Civ. P. 8(a).  After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

As discussed above, the exact nature of Plaintiff's claims are impossible to ascertain.  She raises factual allegations regarding child in need of care proceedings that were transferred to Sedgwick County District Court for disposition.  (*See* Doc. 1, at 4-6.)  She appears to allege that she was subjected to

various types of abusive behavior at the hand of Defendants during these child in need of care proceedings. (*Id*.) Plaintiff is seeking "trillions" for "life, limb, health, opportunity, traumas, … causing harms to future generations, … ." (*Id.*, at 5.)

The Court surmises that Plaintiff could be asking the District Court to review proceedings of the Johnson County and Sedgwick County District Courts. (*Id.*, at 4.) Pursuant to the ***Rooker-Feldman* doctrine**, a federal court does not have jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims decided by a state court. *See **Mounkes v. Conklin***, 922 F. Supp. 1501, 1508-10 (D. Kan. 1996) (explaining the doctrine, deriving from ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 476 (1983) and ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415-16 (1923)). "The law does not allow Plaintiff to ignore state court procedures and remedies and collaterally attack state court rulings by filing a case in federal district court." ***Amack v. Young Williams PC***, No. 21-4054, 2021 WL 6802807, at *2 (D. Kan. Sept. 20, 2021), *report and recommendation adopted*, No. 21-4054, 2022 WL 326357 (D. Kan. Feb. 3, 2022). The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to state a cause of action pursuant to federal law.

**IT IS THEREFORE ORDERED** that Plaintiff's IFP Application (Doc. 3) is **GRANTED** and her Motion to Appoint Counsel (Doc. 4) is **DENIED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** as she failed to state a claim upon which relief may be granted.  The Clerk's office shall not proceed to issue summons in this case.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED and RECOMMENDED**.

Dated at Wichita, Kansas, on this 17th day of July, 2023.

/S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge